No. 10,128.
Orleans

JOHN BOE v. JAMES E. CONRAD, Appellant

(November 2, 1925, Opinion and Decree)

(*Syllabus by the Court.*)

1. Louisiana Digest—Appeal—Par. 625, 626, 627.

The judgment of the trial court in favor of plaintiff will be affirmed although his testimony stands alone against the testimony of the defendant and his mother when their testimony seems impossible.

Appeal from First City Court, Division "B". Hon. V. J. Stentz, Judge.

This is a suit for the value of cattle.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellee.

William F. Conkerton, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit for the value of cattle.

The plaintiff averred that he sold to the defendant on September 19, 1923, a heifer worth _____ $ 40.00
A set of harness _____ 47.50
And a horse _____ 150.00

Making a total of _____ $237.50

Which were all delivered to the defendant.

The defendant denied the allegations of the plaintiff and alleged that on September 3, 1923, he purchased from the plaintiff a horse for the price of $80.00, which he paid to the plaintiff.

There was judgment for plaintiff for $125.00.

The defendant has appealed.

The facts are that the defendant owned a dairy; that on September 5, 1923, by notarial act, he sold his dairy to the plaintiff for $400.00; that the three articles mentioned in the plaintiff's petition were included in the sale; and that those three articles are now in the possession of the defendant. The defendant claims that a condition of the sale which he made to plaintiff was that the plaintiff should sell him back the horse for $80.00; and that on September 3, 1923, two days before the notarial sale, he paid to the plaintiff the

$80.00 for which the plaintiff gave him a receipt.

The receipt reads as follows:

"September 3, 1923. "Received of J. E. Conrad the sum of Eighty ($80.00) Dollars. Received payment. (Signed) "J. BOE."

But the plaintiff swears that he does not know how to read or write, and that he signed the receipt because defendant asked him to do it, as "he just wanted to show it to his wife", but that he did not receive the $80.00 nor any money at all.

The defendant, on the contrary, swears that he paid the plaintiff $80.00 as the agreed price of the horse. That he paid it in eight ten-dollar bills which he borrowed from his mother. Defendant's mother corroborates her son.

The trial judge has not believed them, neither do we.

They were both interested parties. It is not easy to believe that two days before he sold his horse to the plaintiff and before he received the price that he should buy the horse from the plaintiff and pay for it.

Second. The evidence is that the heifer was worth $10.00. For the same reason that defendant's evidence could not convince us that he paid $80.00 we do not believe that the plaintiff gave him the heifer as a gift.

Third. The harness kept by defendant is, we believe, the harness sold by him to the plaintiff. Its original cost was $43.50. It had been in use, however, for a year and a half. We think $20.00 was a fair value for it.

The judgment in favor of plaintiff is therefore amended by reducing the same from one hundred and twenty-five dollars to one hundred and ten dollars; and as thus amended it is affirmed, the defendant to pay the costs of the city court and the plaintiff to pay the costs of appeal.